*121 OPINION.
Van Fossan:
Petitioner contends that the interest earned to the date of transfer on certain securities transferred to it by the First Commercial Bank and the Oakland County Savings Bank, though such interest was not at the time due and paj^able, was an independent capital asset acquired for stock and should be so included in its invested capital. The most obvious answer to this contention is that there is no evidence that any stock was issued for this interest item independent of its relation to the securities on which it was earned. In fact, under the circumstances of the merger by which, technically, stock in petitioner’s corporation was exchanged for stock in the absorbed bank it may well be doubted if there was an issuance of petitioner’s stock for the assets of the merged banks. However, looking at the transactions by which the assets of the two banks were transferred to petitioner, broadly, and considering the effect rather than the form of the several procedural steps, for the purposes of this opinion we will consider the case as though the bank assets were acquired for stock.
Speaking generally, the right to collect and receive interest is an incident of ownership of the securities on which the interest is accruing. It passes as a concomitant upon the transfer of the securities and except under unusual circumstances is not transferred independently. Thus, in the instant case, the interpretation of the provision of the resolution providing for the appraisal of the asset involved in the transfer, that the accrued interest should not be taken into consideration, is not free from difficulty. The reason assigned for this treatment in the resolution does not seem adequate or complete. We do not construe it to mean that the accrued interest was reserved to the absorbed banks as those banks, after the merger, were liquidated and ceased to function and the interest was actually collected by petitioner. Bather, we are inclined to believe that it was merely an attempted simplification of the appraisal, based on the fact *122 that tlie amounts of accrued interest due each bank were approximately in the same proportion as the estimated value of the securities contributed by.each. Assuming this interpretation and passing to the deeper question of the inclusion of the interest items in invested capital, we find other difficulties. Upon the transfer of securities the accrued interest is usually taken into account as an element in determining the value or price at which they are to be transferred. In this case we have no identification of the securities involved, no evidence of their number or value. The appraisal resolution provided that they be taken over at face value unless disapproved by the committee of directors and provision Avas made for a fund to take care of any losses incurred prior to final consummation of the merger. There is no evidence whatever of their actual cash value, or of an allocation of stock to particular assets. Such being the state of the evidence, we are unable to determine that there is error in respondent’s determination.
Similar observations apply to the second issue. The interest in question was subsequently collected by petitioner. We know only that petitioner was on a cash receipts and disbursements basis.
The interest accrued on the securities acquired from the First Commercial Bank on December 31, 1919, and was collected by the petitioner in the year 1920.
It is alleged by the petitioner that the interest accrued on the securities acquired from the Oakland County Savings Bank on May 28, 1921, was collected by it in 1921. The respondent in his answer denied that such interest was collected in 1921 and no evidence Avas offered to show when the collection thereof was actually made. The respondent, howeA’-er, in determining the deficiency included such interest, less the interest obligations of the Oakland Bank assumed by the petitioner, in taxable income for 1921. The burden is upon the petitioner to establish that there was error in the respondent’s determination, and this it has failed to do.

Judgment will be entered for the respondent.